# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 9, 2007

Charles R. Fulbruge III
Clerk

No. 06-51412
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

UBALDO BRIONES SIERRA

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:03-CR-580-1

Before WIENER, GARZA, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Ubaldo Briones Sierra appeals his conviction and sentence for conspiracy to distribute and possess with the intent to distribute between 500 grams and five kilograms of cocaine and aiding and abetting the distribution and possession with the intent to distribute less than 500 grams of cocaine. Sierra contends that the district court abused its discretion in refusing to accept his guilty plea. He also contends that the district court erred in denying a reduction in his offense level for acceptance of responsibility.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

As Sierra failed to object, prior to or during trial, to the district court's refusal to accept his guilty plea, we review for plain error. See United States v. Foy, 28 F.3d 464, 471-72 (5th Cir. 1994). A defendant does not have an "absolute right to have a guilty plea accepted." Santobello v. New York, 404 U.S. 257, 262 (1971). "A court may reject a plea in the exercise of sound judicial discretion." Santobello, 404 U.S. at 262.

Sierra did not clearly attempt to enter a guilty plea at the hearing conducted on October 7, 2004. He expressed doubt as to his guilt, even suggesting possible entrapment by the government. Additionally, a careful reading of the transcript shows that the district court did not refuse to accept Sierra's guilty plea, but merely postponed doing so. And, the government filed a superseding indictment against Sierra several months after the October 7, 2004 hearing, at the arraignment for which Sierra entered a plea of not guilty. The record reflects that Sierra never attempted to plead guilty at any time prior to trial. Therefore, he has not shown plain error.

Reviewing the district court's refusal to reduce Sierra's offense level under the applicable, highly deferential standard, we hold that the court did not err in denying Sierra's request for a reduction of acceptance of responsibility. See United States v. Washington, 340 F.3d 222, 227 (5th Cir. 2003). As Sierra did not clearly express a desire to plead guilty or admit the conduct constituting the offense, the district court's decision was not "without foundation." See id.

Accordingly, Sierra's conviction and sentence are
AFFIRMED.